OPINION
{¶ 1} Luis Macias appeals from the denial, without hearing, of his "petition for post conviction relief in accordance with R.C. 2953.23." He advances four assignments of error.
 {¶ 2} "1. THE TRIAL COURT ERRED WHEN IT MISAPPLIED THE PRINCIPLE OF RES JUDICATA TO APPELLANT'S PETITION.
 {¶ 3} "2. THE TRIAL COURT SENTENCED THE DEFENDANT UNDER AN UNCONSTITUTIONAL SYSTEM.
 {¶ 4} "3. THE TRIAL COURT ERRED BY ALLOWING THE IMPOSITION OF CONSECUTIVE SENTENCES BASED ON FACTS NOT FOUND BY A JURY, NOR ADMITTED TO BY THE DEFENDANT VIOLATING HIS RIGHTS GUARANTEED BY THE SIXTH AMENDMENT.
 {¶ 5} "4. THE TRIAL COURT ERRED WHEN IT RULED DEFENDANT'S PETITION WAS UNTIMELY."
 {¶ 6} Pursuant to a remand from this court, Macias was resentenced September 18, 2003, to consecutive sentences of four and seven years, for an aggregate sentence of eleven years.
 {¶ 7} On December 20, 2005, Macias moved for post conviction relief, asserting that his sentence violated Blakely v. Washington (2004),542 U.S. 296 and United States v. Booker (2005), 543 U.S. 220,125 S.Ct. 738 (2005).
 {¶ 8} The trial court reasoned that reliance on Blakely was precluded by res judicata and that Booker could not be applied to Macias' case because it was no longer pending on appeal. The trial court also held that the petition was time barred per R.C. 2953.21 and thatBlakely and Booker did not affect Ohio's sentencing scheme.
 {¶ 9} Blakely and Booker are applicable to cases on direct review.Booker at 125 S.Ct. 769. As observed by the trial court, Macias' case was no longer pending on direct review when he moved for post-conviction relief.
 {¶ 10} Based on the foregoing, the fourth assignment is overruled. While the second and third assignments contain correct statements, no remedy exists under R.C. 2953.23 where Booker and Blakely have no application to cases no longer under direct review, and these assignments are overruled. The first assignment is overruled as moot.
 {¶ 11} The judgment will be affirmed.
GRADY, P.J. and FAIN, J., concur.